UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-238-H

VENTAS, INC.  PLAINTIFF

V.

HEALTH CARE PROPERTY INVESTORS, INC.  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ventas, Inc. ("Ventas" / "Plaintiff") sued Defendant Health Care Property Investors, Inc. ("HCP" / "Defendant") for tortious interference with Ventas's bid to purchase Sunrise Senior Living Real Estate Investment Trust, Inc. ("Sunrise REIT"). TD Securities ("TD Securities") was the investment bank that advised Sunrise REIT in that sale. Following the May 4 Conference ("the Conference") with counsel for Plaintiff and Defendant, the Court issued the May 12, 2009 Order stating that Defendant's Motion to Compel was resolved by the Conference, for the reasons stated on the record. On June 17, Defendant filed a letter with the Court stating that the Conference transcript did not resolve the discovery dispute discussed at the Conference. After reviewing the transcript, the Court has concluded that specific guidance in this order may be helpful.

This case has involved extensive discovery, which has often become highly contentious. Plaintiff and Defendant have served each other with hundreds of requests for admissions and have taken numerous depositions. In those depositions, counsel for each party has repeatedly objected to questions and instructed the witnesses not to answer questions on the grounds of privilege. At the Conference, Counsel presented the Court with several examples of this, giving

the question, objection, and testimony. Although the Court does not feel compelled to strike each objection line-by-line, it does find that many of these objections were improper and / or resulted in incomplete testimony. Counsel for both parties expressed a desire to re-open depositions.

The Court concludes that each party (both Plaintiff and Defendant) is permitted to re-open two (2) depositions apiece for the purpose of obtaining complete answers to the previously posed questions. In so doing, the Court instructs that all privileges are saved; no party or deponent waives any privileges by responding as instructed by the Court. The Court instructs the deponents to testify to their personal understandings, beliefs, and intentions. Given the deponents extensive business experience, the Court believes each deponent has some understanding of the issues in this case independent of legal advice received. Deponents must testify to their general knowledge, knowledge of facts, and their understanding of whether certain issues existed. Deponents must identify the basis for their beliefs, including whether they received legal advice. Counsel may not ask, and deponents need not answer, questions regarding specific legal advice or the contents of actual legal advice any deponent received. Nor can deponents testify to their understand of the legal consequences of any action or document.

At the Conference, the Court also sustained Plaintiff's objections for immateriality to questions regarding seven (7) specific documents the Court previously ruled immaterial. (Tr. 71-73.) Defendant may not inquire about the specific contents of the documents; however, Defendant may ask questions regarding the subject matter to which the documents refer.

Although the Court is allowing the re-opening of depositions with instructions to answer a number of previously unanswered questions, it does not suggest that any of this testimony will

be admissible at trial.  The Court can only conclude that the testimony may lead to relevant information.  The Court takes the issue of privilege particularly seriously.  It will not consider trial testimony lightly.  Furthermore, given the Court's rulings, much of this testimony may prove irrelevant at trial.  The ultimate admissibility or relevance of the testimony at trial, however, does not preclude discovery of the testimony at the discovery stage given the Federal Rule's liberal discovery standards.  Since the testimony is reasonably believed to produce evidence relevant to a claim or defense, the Court instructs the deponents to answer presented questions as outlined in this order.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff Ventas and Defendant HCP may re-open two previously taken depositions each.

IT IS FURTHER ORDERED that Plaintiff Ventas and Defendant HCP be guided by the instructions as articulated in this Memorandum Opinion regarding testimony, objections, and instructions not to answer.

cc:     Counsel of Record