UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-238-H

VENTAS, INC.                                                                                              PLAINTIFF

V.

HCP, INC.                                                                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Ventas, Inc. ("Ventas") sued HCP, Inc. ("HCP") asserting tortious interference with prospective business advantage. Ventas alleges HCP interfered with Ventas's agreement to purchase Sunrise REIT ("Sunrise"). Ventas had a signed purchase agreement with Sunrise to purchase it for $15 per unit. Before the unitholders could approve the transaction, HCP announced an offer of $18 per unit to purchase Sunrise. Subsequently, HCP withdrew its offer. After that, Ventas acquired Sunrise for $16.50 per unit. Ventas seeks damages in the amount of the difference between $15 and $16.50. Since Sunrise is a Canadian company, the purchase was made in Canadian dollars. Ventas, an American company, had to exchange U.S. dollars for Canadian dollars to complete the transaction. The parties now dispute the proper exchange rate for calculating damages.

HCP suggests that the proper exchange rate is the rate on the day the $15 deal was to be completed. Ventas argues that the proper rate is determined on the day the $16.50 deal closed. The original authority is quite old, but the applicable rule seems clear. Where the obligation arises under foreign law, the exchange rate is determined on the date of judgment. *Die Deutsche*

*Bank Filiale Nurnberg v. Humphrey*, 272 U.S. 517, 518-19 (1926).[1] The liability is foreign and open to satisfaction in the foreign currency. *Id.* at 619. Yet when the duty arises under the laws of the United States, the exchange rate is determined on the date the contract is breached or the date of injury. *Hicks v. Guinness*, 269 U.S. 71, 80 (1925).[2] The "date of breach" calculation applies in both contract and tort. *Id*.

Ventas's claim is for tortious interference under Kentucky law. That claim arises in an American forum under that forum's law, thus the duty is one created by American law rather than foreign law. The proper exchange rate for Ventas's damages is determined on the date of injury. The Court has previously stated that actionable harm did not occur until after the Canadian Court determined that HCP's bid was not a bona fide offer. Memorandum Opinion DN 220 at *21. Furthermore, "no actionable damage occurred until Ventas increased its bid and the unitholders approved it." *Id.* The proper exchange rate is therefore calculated on the date that the Sunrise unitholders approved the $16.50 bid.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the exchange rate for determining damages is calculated on the date Sunrise's unitholders approved Ventas's acquisition.

---

[1] *See also Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 714 (9th Cir. 1992); *Nimrod Mktg. (Overseas) Ltd. v. Tex. Energy Inv. Corp.*, 769 F.2d 1076, 1080 (5th Cir. 1985); *Conte v. Flota Mercante Del Estado*, 277 F.2d 664, 670 (2d Cir. 1960).

[2] *See also ReliaStar Life Ins. Co. v. IOA Re, Inc.*, 303 F.3d 874, 883 (8th Cir. 2002); *Sainz Gonzalez v. Banco de Santander-Puerto Rico*, 932 F.2d 999, 1003-04 (1st Cir. 1991); *Middle East Banking Co. v. State Street Bank Int'l*, 821 F.2d 897, 903 (2d Cir. 1987); *Vishipco Line v. Chase Manhattan Bank, N.A.*, 754 F.2d 452, 455 (2d Cir. 1985); *In re Good Hope Chem. Corp.*, 747 F.2d 806, 811 (1st Cir. 1984); *Conte*, 277 F.2d at 670-71; *Elite Entm't, Inc. v. Khela Bros. Entm't Inc.*, 396 F. Supp. 2d 680, 694 (E.D. Va. 2005); *Gathercrest Ltd. v. First Am. Bank & Trust*, 629 F. Supp. 106, 120 (M.D. Fla. 1985); *Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.*, 566 F . Supp. 1558, 1571 (D. Del. 1983); *Cronel Watch, S.A. v. Peterson State Bank*, 565 F. Supp. 259, 262 (N.D. Ill. 1983).

August 27, 2009

**John G. Heyburn II, Judge**
**United States District Court**

cc: Counsel of Record

-3-