FILED
Jeffrey A. Apperson, Clerk
SEP 03 2009
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-238-H

VENTAS, INC.                                                                          PLAINTIFF

V.

HCP, INC.                                                                             DEFENDANT

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence. Do not single out one instruction alone as stating the law but you should consider the instructions as a whole. Nor should you be concerned with the wisdom of any rule of law stated by the Court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you. You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the

testimony of each witness. In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony, or by evidence that the character of the witness for truthfulness is bad. If you believe any witness has been impeached, and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

The rules of evidence permit a witness who by education and experience has become an expert in any art, science, or profession to state an opinion and the reasons for such an opinion. You should consider this evidence and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by the expert witness in support of an opinion are not sound, or that the opinion is outweighed by other credible evidence in the case, or by the opinion of some other expert, then you may reject the opinion of such expert in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

Plaintiff alleges that Defendant unlawfully interfered with its effort to purchase Sunrise REIT at the price of $15 per unit. I will now instruct you on the elements of Plaintiff's legal claim.

## INSTRUCTION NO. 1

Ventas claims that HCP intentionally and improperly interfered with its expectation of acquiring Sunrise REIT at the agreed price of $15 per unit. The law recognizes that everyone has a right to establish and conduct a lawful business, free from unlawful interference. However, the very essence of lawful competition is that it necessarily interferes with prospective business relations of others. Ventas and HCP were competitors. In these circumstances, therefore, to find for Ventas, you must conclude that each of the following elements is more likely true than not:

1. Ventas had a reasonable likelihood or probability of acquiring Sunrise REIT at $15 per unit;

2. HCP knew about the probable acquisition of Sunrise REIT;

3. HCP intentionally and improperly interfered with Ventas's acquisition of Sunrise REIT at $15 per unit;

4. HCP's improper interference prevented Ventas from acquiring Sunrise REIT at $15 per unit; and

5. HCP's improper interference was a substantial factor in causing Ventas's damages.

If you find, however, that Ventas has not proved any one or more of these elements, then you must find for HCP.

Some explanation and further definitions are important when discussing the above elements. First, to prove element No. 1, Ventas need not show that the purchase of Sunrise REIT shares at $15 was a certainty. On the other hand, it must certainly show something more than wishful thinking, hope, or optimism. It must show a reasonable likelihood or probability.

Ventas and HCP were business competitors generally, and were competing here to acquire Sunrise REIT. Improper interference, as referenced in element No. 3, has a

special meaning among competitors. In these circumstances then, the only way to find in favor of Ventas is to find that HCP employed "significantly wrongful means" to interfere with Ventas's acquisition of Sunrise REIT at $15 per unit.

For purposes of this instruction, "significantly wrongful means" includes conduct such as fraudulent misrepresentation, deceit and coercion. Among other things, you may consider the parties' conduct, motive, and the circumstances of the transaction to illuminate whether HCP's conduct amounts to "significantly wrongful means." To the extent you consider a party's motive in causing harm, it must be based on actual evidence of motive, rather than a witness's opinion of another's motive.

As part of element No. 3, Ventas must also show that HCP intended to improperly interfere with the acquisition of Sunrise REIT. As the word "intent" is used there, HCP's conduct was intentional if its purpose was to improperly interfere with Ventas's acquisition of Sunrise REIT, or if HCP knew the improper interference was certain or substantially certain to result.

In element No. 4, to find that HCP prevented Ventas from acquiring Sunrise REIT at $15 per unit, you must determine that "but for" HCP's improper interference Ventas would have acquired Sunrise REIT at $15 per unit. This "but for" test means that if HCP's improper interference had never occurred, Ventas would have acquired Sunrise REIT at $15 per unit.

If you find that HCP improperly interfered with a valid business expectancy, element No. 5 requires you also determine whether HCP proximately caused Ventas's damages. HCP's conduct is the proximate cause of Ventas's loss if you find that it was a substantial factor in producing the loss or damage.

I also need to give you information about a case related to this one. The parties to this action have previously resolved related issues in the Canadian court system. The important facts from those cases are as follows: In the week after HCP made its $18

topping bid, Sunrise REIT sought guidance from a Canadian court in interpreting its confidentiality agreement with HCP and its purchase agreement with Ventas. In that case, Sunrise REIT and HCP generally took the position that the confidentiality agreement and purchase agreement did not prohibit HCP's $18 bid. Ventas took the opposite position. The Canadian court found:

1) HCP's confidentiality agreement precluded it from making the $18 topping bid. By making the bid, HCP breached its confidentiality agreement with Sunrise REIT;

2) The purchase agreement between Sunrise REIT and Ventas prohibited Sunrise REIT from submitting HCP's bid to its unitholders; and

3) Sunrise REIT's auction process, leading to Ventas's purchase agreement, was objectively reasonable and fair.

HCP did breach its confidentiality agreement by submitting the February 14 topping bid. This fact alone is not sufficient to establish tortious interference. However, it may be considered along with the other evidence, in determining whether HCP engaged in improper interference.

**If you find each of the five elements above to be true, answer "Yes" under Question #1 on the Verdict Form and proceed to Instruction #2. If you do <u>not</u> find each of the five elements above true, answer "No" under Question #1, sign and date the Verdict Form, and return to the courtroom.**

## INSTRUCTION NO. 2

HCP claims that Sunrise REIT was also at least partially, if not fully, at fault for Ventas's loss and that HCP's liability should thus be reduced. The law provides that the liability of at-fault persons should be apportioned according to their relative degrees of fault. Fault includes acts or omissions which are wrongful, reckless or intentional. To apportion fault to Sunrise REIT, HCP must prove that Sunrise REIT was more likely than not at fault, and that the fault was a substantial factor in causing Ventas's harm. As part of your consideration, you are instructed that Sunrise REIT did not breach its purchase agreement with Ventas. In apportioning fault, you should consider both the nature of the conduct of each party and the extent of damages caused by the conduct.

**If you determine that Sunrise REIT is at fault, say so by answering "Yes" to Question #2A on the Verdict Form. If you answer "Yes" to Question #2A, you must determine what percentage of the total fault is attributable to Sunrise REIT and enter that percentage as the answer to Question #2B. If you answer "No" to Question #2A, proceed to Instruction #3.**

# INSTRUCTION NO. 3

If you answered "yes" to Question 1, you must determine Ventas's damages as a result of HCP's improper interference. Damages must be shown with reasonable certainty and cannot be based upon mere speculation. You must, therefore, only award damages that fairly and reasonably compensate Ventas for the actual damages caused by HCP's improper interference that Ventas has proven to you with reasonable certainty. To do this, you will determine from the evidence and award Ventas a sum of money equal to the difference between the amount Ventas would have paid had the $15 per unit agreement been approved by the unitholders and the amount that Ventas was required to pay to acquire Sunrise REIT, not to exceed $16.50 per unit.

**Use this amount as the answer to Question #3 on the verdict form.**

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the verdict upon which you unanimously agree with respect to each issue in this case; you will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-238-H

VENTAS, INC.                                                                                    PLAINTIFF

V.

HCP, INC.                                                                                       DEFENDANT

## VERDICT FORM

Please record your verdict by answering the following questions; remember that your verdict must be unanimous.

**QUESTION NO. 1: HCP's tortious interference.**

    Yes      _____

    No      _____

**QUESTION NO. 2A: Fault of Sunrise REIT.**

    Yes      _____

    No      _____

**QUESTION 2B: Percentage of fault.**

    HCP, Inc.      _____

    Sunrise REIT      _____

    Total      100%

**QUESTION 3: Ventas's Damages.**

    $_____ (Not to exceed $102,000,000)


    _____
    FOREPERSON [and juror number]

    DATE: _____