UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-238-H

VENTAS, INC.                                                                            PLAINTIFF

V.

HCP, INC.                                                                               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ventas, Inc. ("Ventas"), seeks execution of a judgment issued by the Sixth Circuit in its favor against Defendant, HCP, Inc. ("HCP") and to draw upon the Letter of Credit (the "LOC") issued in conjunction with this Court's Agreed Order dated December 15, 2009, staying enforcement of this Court's earlier judgment (the "Agreed Order"). Additional briefing at the Court's request followed a conference with counsel at which all issues were thoroughly discussed.

I.

On September 8, 2009, this Court entered a judgment against HCP in Ventas's favor in the amount of $101,672,807.00. To facilitate its appeal, HCP sought to stay enforcement of that judgment. After fairly extensive negotiation, the parties executed the Agreed Order in which Ventas agreed to refrain from executing on the judgment during certain defined appellate proceedings, consistent with Fed. R. Civ. P. 62(d). Additionally, HCP agreed to post the LOC as security for the judgment in conjunction with the Agreed Order. The Agreed Order provides that if "any portion" of the judgment "has become final and nonappealable," Ventas may draw upon the LOC "without further order of this Court."

On May 17, 2011, the Sixth Circuit entered an opinion affirming Ventas's compensatory

damages award, certifying its judgment as immediately enforceable pursuant to Rule 54(b), and remanding the case for trial on punitive damages. On May 31, 2011, HCP moved for a panel rehearing and rehearing *en banc*. The Sixth Circuit denied the motion and on July 5, 2011, issued its mandate.

On July 8, 2011, Ventas sent a letter to the Court, arguing that the Sixth Circuit mandate effectively dissolved the Agreed Order, entitled Ventas to the immediate enforcement of its compensatory damages award, and entitled Ventas to draw upon the LOC. HCP responded that because "appeal" to the United States Supreme Court is possible, the Agreed Order remains in effect and the conditions allowing Ventas to draw upon the LOC have not been met. The questions before the Court are 1) whether this Court's stay of execution is enforceable against the Sixth Circuit judgment and 2) whether Ventas may draw upon the LOC.

II.

The judgment of the United States Court of Appeals for the Sixth Circuit has affirmed this Court's compensatory damages award in favor of Ventas in the amount of $101,672,807.00 plus interest, reversed in other regards, and remanded. Generally, once a court of appeals issues its mandate under Rule 41 of the Federal Rules of Appellate Procedure, all issues within the scope of the district court judgment are deemed incorporated within the mandate and are precluded from further review. 20A HON. GEORGE C. PRATT, MOORE'S FEDERAL PRACTICE - CIVIL § 341.12[3] (3d ed. 2011). In essence, the court of appeals judgment supercedes the district court judgment and becomes the controlling or operative judgment. Here, the Court of Appeals judgment entitles Ventas to the immediate enforcement of the compensatory damages award under Fed. R. Civ. P. 54(b). This raises the question of whether this Court's stay of

execution regarding its own judgment applies to the now-controlling Court of Appeals judgment.

Where any court's final judgment is subject to review only by the Supreme Court, only the Supreme Court or the court issuing the judgment may stay the execution of it. 28 U.S.C. § 2101(f). Although the Sixth Circuit has not specifically addressed the issue of a district court's power to stay the execution of an appellate court judgment, the federal courts seem to have reached a consensus. The federal courts have consistently relied upon § 2101(f) for the rule that district courts lack jurisdiction to stay the execution of an appellate court judgment. *See William A. Graham Co. v. Haughey*, No. 05-612, 2011 U.S. Dist. LEXIS 70129, *6-7 (E.D. Pa. June 30, 2011); *United States v. Lentz*, 352 F. Supp. 2d 718, 725-26 (E.D. Va. 2005); *Brinkman v. Dep't of Corr. of the State of Kan.*, 857 F. Supp. 775, 776 (D. Kan. 1994); *Gander v. FMC Corp.*, 733 F. Supp. 1346, 1347 (E.D. Mo. 1990); *Mister v. Ill. Cent. Gulf R.R.*, 680 F. Supp. 297. 298-99 (S.D. Ill. 1988); *Studiengesellschaft Kohle, mbH v. Novamont Corp.*, 578 F.Supp. 78, 79-80 (S.D. N.Y. 1983); *See also In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982). "The power of a district court to grant a stay of judgment pending appeal [under Federal Rule of Civil Procedure 62(d)] terminates when the Court of Appeals issues its mandate," and any stay issued by a district court during the pendency of an appeal expires. *Gander v. FMC Corp.*, 733 F. Supp. at 1347.[1]

The unassailable logic of these cases seems to dictate the initial answers to the questions

---

[1] *See also Haughey*, 2011 U.S. Dist. LEXIS 70129, at *6 ("It is one thing for a district court to grant a stay of its own judgment under Rule 62(d) pending the resolution of an appeal to the Court of Appeals...It is quite another thing for this court to grant a motion to stay [an appellate court judgment pending review of a petition for certiorari to the Supreme Court]. The district court judgment has been superseded by the judgment of the Court of Appeals, even though the latter affirms the district court judgment in all respects."); *Brinkman*, 857 F. Supp. at 776 (holding that the issuance of the appellate court mandate dissolved the existing district court stay, even though the appellate court judgment affirmed the district court on all issues).

presented.  The Agreed Order expired with the issuance of the Sixth Circuit's mandate.  This Court is without jurisdiction to stay execution of the Sixth Circuit's judgment – only the Sixth Circuit and the Supreme Court can do so.  HCP could have sought either a stay of execution of the Sixth Circuit judgment under 28 U.S.C. § 2101(f), or a stay of the Sixth Circuit's mandate under Fed. R. App. P. 41(d).  It chose not to do so.  Rather than rush to execute on its judgment, Ventas has shown restraint by requesting advice of this Court.

Finally, nothing in the Agreed Order prevents the application of these rules and the exercise of Ventas's rights under the judgment of the Court of Appeals.  The fact that the Court of Appeals remanded a portion of the case to this Court for further action does not change the analysis.  Further, the analysis is consistent with whatever result may come from this Court's consideration of Ventas's right to draw upon the LOC which remains under submission.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Ventas is entitled to judgment on the mandate of the Sixth Circuit Court of Appeals in the amount of $101,672,807.00, plus interest.

The issue concerning the Letter of Credit remains under the Court's consideration.

cc:     Counsel of Record